IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Gunler Foods, Inc.** | § | Case No. 14-33734 – H3 |
| | § | |
| Debtor. | § | (Chapter 7) |
| _____ | § | _____ |
| | § | |
| **Gunler Paper, Inc.** | § | Case No. 14-34290 – H2 |
| | § | |
| Debtor | § | (Chapter 7) |
| _____ | § | _____ |
| | § | |
| **Gunler Real Estate, Inc.** | § | Case No. 14-34287 – H4 |
| | § | |
| Debtor | § | (Chapter 7) |
| | § | |
| | § | **Motion for Joint Administration** |
| | § | **Pending** |

**JOINT MOTION FOR ENTRY OF AGREED ORDER
TERMINATING AUTOMATIC STAY WITH CONDITIONS**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**To the Honorable United States Bankruptcy Judge:**

Compass Bank, a creditor and party-in-interest in the above captioned bankruptcy case of Gunler Real Estate, Inc. and Eva S. Engelhart, Chapter 7 Trustee (the "Trustee"), file this *Joint Motion for Entry of Agreed Order Terminating Automatic Stay With Conditions* (the "Motion"), and in support, respectfully states as follows:

Page **1** of **7**

10962809v.6

1. On July 1, 2014, Gunler Foods, Inc. ("Foods") filed its voluntary petition under chapter 11 of Title 11 of the United States Code (the "Code"), initiating Case No. 14-33734. Upon motion of Foods, the case was converted to chapter 7 of Title 11 on July 31, 2014.

2. On August 4, 2014, Gunler Real Estate, Inc. ("GRE") filed its voluntary petition under chapter 7 of Title 11 of the Code.

3. Also on August 4, 2014, Gunler Paper, Inc. ("Paper") filed its voluntary petition under chapter 7 of Title 11 of the Code.

4. Foods, GRE and PAPER are collectively referred to as the "Gunler Debtors." Eva S. Engelhart is the Chapter 7 Trustee for all three Gunler Debtors.

5. Compass Bank is the current holder and owner of two promissory notes (Note #1 in the original principal amount of $3,965,000 and Note #2 in the original principal amount of $2,235,000). The Gunler Debtors are the borrowers under Note #1 and Note #2. Copies of Note#1 and Note #2 are attached as Exhibits "A" and "B".

6. All of the assets owned by the Gunler Debtors (the "Gunler Collateral") collectively secure the debt owed to Compass Bank. Specifically, the obligations created by Note # 1 and Note # 2 are secured by, among other things, certain real property owned by the Debtor (the "Real Property"). The Real Property of GRE is located in Bryan, Texas, and is more particularly described as follows:

Being all that certain lot, tract or parcel of land lying and being situated in the L. McLAUGHLIN SURVEY, Abstract No. 38, Brazos County, Texas, being 25.00 acres, more or less, and being a part of a called 191.81 acre tract described in a Deed dated April 4, 2009, from M. D. Wheeler, Ltd. to City of Bryan and Brazos County Economic Development Foundation, Inc., and recorded in Volume 9045, page 76 (document no. 01025732), Official Records of Brazos County Texas, to which reference is hereby made to and for any an all purposes. Said tract being described as follows, to wit:

COMMENCING at a point in the southwestern right of way of State Highway 6 for the northern corner of the referenced tract. From said point a pipe fence corner post bears N 67° 22' W 3.66 feet (record call is N 80° 17' W 3.3 feet). THENCE along said southwestern right of way and the northeastern line of the referenced tract, as follows: S 61° 34' 12" E - 421.82 feet to the beginning of a curve to the right, along the arc of said curve in a southeastern direction (CA = 09° 33' 00", R=2814.79 feet, LC=S 56°47' 42" E - 468.62 feet) at 469.16 feet to a point for the end of said curve, and S 52° 01' 12" E, passing at 0.76 feet a 5/8" iron rod found for reference, a total distance of 281.44 feet, a 1/2 inch iron rod capped "Goodwin Lasiter" set for the POINT OF BEGINNING;

THENCE S 52° 01' 12" E 565.07 feet, continuing along said right of way and the northeastern line of the referenced tract, to a 1/2 inch iron rod capped "Goodwin Lasiter" set for this eastern corner and the northern corner of another 25.00 acre tract, Tract Two, described this same date;

THENCE S 41° 35' 06" W 1948.84 feet, across the referenced tract and with the northwestern line of said Tract Two, to a 1/2 inch iron rod capped "Goodwin Lasiter" set in the southwestern line of the referenced tract and the northeastern right of way of the Union Pacific Railroad (called as a 100 foot wide r.o.w.) for this southern corner and the western corner of said Tract Two. From said point a 4"x4" concrete monument found for reference to the southern corner of the referenced tract bears S 48° 24' 54" E 2405.69 feet and N 50° 24' 58" E 3.51 feet;

THENCE N 48° 24' 54" W 563.95 feet, with the southwestern line of the referenced tract and said northeastern right of way, to a 1/2 inch iron rod capped "Goodwin Lasiter" set for this western corner;

THENCE N 41° 35' 06" E 1913.31 feet, across the referenced tract, to the POINT OF BEGINNING, and containing 25.00 acres of land, more or less.

Compass Bank maintains a lien on the Real Estate pursuant to the following Deeds of Trust:

- Deed of Trust (with Security Agreement and Assignment of Rents) - Gunler Real Estate, Inc. re: $3,965,000.00 Note (1st lien), recorded in the real property records of Brazos County.

- Deed of Trust (with Security Agreement and Assignment of Rents) - Gunler Real Estate, Inc. re: $2,235,000.00 Note (2nd lien), recorded in the real property records of Brazos County.

7.  The Trustee and Compass Bank have agreed to modify the automatic stay imposed by 11 U.S.C. § 362. The terms of such agreement are as follows:

A. Effective as of September 3, 2014, for the limited purpose of allowing Compass Bank to post and notice (and advertise its intent to conduct) a foreclosure sale of the Gunler Collateral (including without limitation, the Real Property), in October of 2014. This agreement includes the following additional terms:

B. If no Qualified Earnest Money Contract is obtained by the Trustee on or before September 19, 2014, then the automatic stay imposed by 11 U.S.C. § 362 is lifted and terminated, effective at 12:01 a.m. (Houston Time) on September 20, 2014 for all purposes as to the Gunler Collateral. A "Qualified Earnest Money Contract" means a bona fide earnest money contract for the sale of the Property that includes (i) cash in an amount not less than $5,700,000, exclusive of any broker's commission and all reasonable closing costs, (ii) initial cash earnest money of at least 5% of the sale price, (iii) has a closing date not later than October 6, 2014, and (iv) is not subject to any financing contingency, other contingency, due diligence, or anything else.

C. The $5,700,000.00 minimum sale price is for the Gunler Collateral. Compass Bank and the Trustee will agree to a percentage allocation of the sales proceeds (among the Gunler Collateral) based on the reasonable value of the Gunler Collateral owned by each Debtor, or such percentage allocation shall be approved by the Court (in either case, the "Approved Allocation").

D. Upon the Trustee's sale of the Gunler Collateral and distribution of the net sales proceeds to Compass Bank, Compass Bank's remaining indebtedness and claims are preserved for the purpose of pursuing collection of the related guarantees, including, without limitation, the SBA Guaranty, and for defensive purposes only.

10962809v.6

E. If the Trustee receives one or more Qualified Earnest Money Contracts prior to September 19, 2014, then Compass Bank shall take down its notice of intent to foreclose on the Gunler Collateral and the Trustee shall have (a) until September 26, 2014 to conduct a Court approved auction of the Gunler Collateral, with each bidder at the auction having satisfied the requirements of a Qualified Earnest Money Contract, and (b) until October 6, 2014 to close and fund the sale representing the best offer (after consulting with Compass Bank) from the auction.

F. If a Qualified Earnest Money Contract is obtained by the Trustee on or before September 19, 2014, but the sale to a purchaser under a Court approved Qualified Earnest Money Contract does not close/fund by October 6, 2014, then the automatic stay imposed by 11 U.S.C. § 362 is terminated, effective at 12:01 a.m. (Houston Time) on October 7, 2014 for all purposes as to the Gunler Collateral.

G. If a Court approved sale under a Qualified Earnest Money Contract closes/funds, the sale proceeds shall be apportioned as follows: $200,000 collectively to the estates of the Gunler Debtors (the "Carve-Out") to be allocated among the Gunler Debtors in accordance with the Approved Allocation, with the remainder paid to Compass Bank. Notwithstanding the foregoing, any net sales proceeds obtained in excess of $5,700,000 shall be allocated as follows: 25% to the Carve Out, and 75% to Compass Bank. By way of example only, if the Gunler Collateral sells for $6,000,000, then $5,725,000 shall be paid to Compass Bank, and $275,000 shall be left collectively with the estates of the Gunler Debtors to be allocated among the Gunler Debtors in accordance with the Approved Allocation. The Carve-Out is for the benefit of Court

10962809v.6

approved administrative expenses, trustee's commission, and general unsecured creditors. Compass Bank shall not receive any portion of the Carve-Out.

   H. Notwithstanding anything to the contrary contained herein, if no Qualified Earnest Money Contract is received by the Trustee by September 19, 2014, then after Compass Bank exercises its rights to the Gunler Collateral, for every dollar less than $25,000 that the Gunler Debtors collect from a source other than the Gunler Collateral, Compass Bank agrees to pay that amount to the Gunler Debtor estates collectively up to $25,000.

  8. A proposed agreed order memorializing the terms of this agreement is attached to this Motion.

  WHEREFORE, premises considered, the Trustee and Compass Bank respectfully request that the Court (i) approve the terms of the agreement between Compass and the Trustee as set forth above, and (ii) grant to the Trustee and Compass Bank such other and further relief to which they may be justly entitled.

DATED: August 29, 2014.

            Respectfully Submitted,

            **Jackson Walker LLP**

            By:/s/
              Bruce J. Ruzinsky
              State Bar No. 17469425
              Lisa A. Powell
              State Bar No. 16204215
              Matthew D. Cavenaugh
              State Bar No. 24062656
              Email: mcavenaugh@jw.com
              JACKSON WALKER L.L.P.
              1401 McKinney Street, Suite 1900
              Houston, Texas 77010

(713) 752 - 4200 (Telephone)
(713) 308 - 4184 (Facsimile)

**Counsel for Compass Bank**

**-and-**

**Eva S. Engelhart, Chapter 7 Trustee**

By: /s/ *Christopher Adams (by permission)*
Christopher Adams
State Bar No. 24009857
OKIN ADAMS LLP
1113 Vine St., Suite 201
Houston, Texas 77002-4100
Phone: (713) 228-4100
E-mail: cadams@okinadams.com

### Certificate of Service

I hereby certify and verify that on August 29, 2014 the forgoing instrument was served via CM/ECF to all parties registered to receive electronic notice and/or via first class mail to the Debtor, Debtor's counsel, and all parties entitled to receive service pursuant to Fed. R. Bankr. P. 4001 and Bankruptcy Local Rule 4001, and by email to the following:

Ron Sommers:         rsommers@nathansommers.com

Spencer Solomon:     ssolomon@nathansommers.com

Eva S. Engelhart:    eengelhart@rossbanks.com

Christopher Adams:   cadams@okinadams.com

Hugh M. Ray, III:    hmray@mckoolsmith.com

By: /s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

10962809v.6